Opinion issued November 1, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00538-CR

————————————

## MARTIN HERNANDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from 167th District Court
Travis County, Texas
Trial Court Cause No. D-1-DC-16-206978

## MEMORANDUM OPINION

After his pretrial motion to suppress evidence was denied, appellant, Martin

Hernandez, pleaded guilty to the third-degree felony offense of driving while

intoxicated, third offense or more—enhanced to a second-degree felony, with an

agreed punishment recommendation of five years' confinement.[1]   In accordance with his plea bargain with the State, the trial court found appellant guilty as charged and assessed his punishment at five years' confinement.  This sentence is within the applicable sentencing range.[2]  The trial court certified that, although this was a plea-bargain case, matters were raised by a written motion filed and ruled upon before trial and not withdrawn or waived, and that appellant had the right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2)(A).  Appellant timely filed a notice of appeal and new counsel was appointed.[3]

Appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority.  *See id.* at 744, 87 S. Ct. at 1400; *see also High v.*

---

[1]   *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West 2011).

[2]   *See* TEX. PENAL CODE ANN. §§ 12.33(a), 12.42(a) (West 2011).

[3]   The Texas Supreme Court transferred this appeal from the Third Court of Appeals to this Court pursuant to its docket equalization powers.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013); Misc. Docket No. 17-9066 (Tex. June 20, 2017).  We are unaware of any conflict between the precedent of the Third Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3 (transferee court of appeals must decide case in accordance with precedent of transferor court under stare decisis if transferee court's decision would have been inconsistent).

*State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that he has delivered a copy of the motion to withdraw and *Anders* brief to appellant and informed him of his right to file a pro se response after getting access to the records. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel has certified that he has sent the form motion for pro se access to the records to appellant for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant has not filed any pro se response to his counsel's *Anders* brief and his deadline has expired.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or pro se response after determining there

3

are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155.  An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[4]  *See* TEX. R. APP. P. 43.2(a).  Attorney Dal Ruggles must immediately send the required notice and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).  We dismiss any other motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[4] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).